# I N THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES C. STRADER,

    Plaintiff,

    v.

TENTH CIRCUIT COURT OF APPEALS, et al.,

    Defendants.

Case No. 20-3135-JWB

## MEMORANDUM AND ORDER

This matter is a civil rights action filed by a prisoner in state custody. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis. The court has conducted an initial screening of the complaint under 28 U.S.C. § 1915A(a) and enters the following findings and order.

### Nature of the Complaint

Plaintiff names as defendants the Tenth Circuit Court of Appeals, the United States District Court, United States Senior District Judge Sam A. Crow, United States District Judge Holly L. Teeter, United States Marshal Ronald Miller, the Federal Bureau of Narcotics,[1] the Kansas Bureau of Investigation, the Kansas Department of Corrections, CoreCivic, the Lansing Correctional Facility, Corizon, unknown agents and officers of the courts, and Butler & Associates.

In Count 1, plaintiff alleges violations of his rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments and claims a denial of the right to appeal by "abridging access to the courts with unwarranted investigation"; in Count 2, he alleges a "conspiracy to conspire" to

---

[1] It appears that this agency was dissolved in 1968.

cover violations of federal and state rights; and in Count 3, he alleges a "violation of rules of scope." As relief, he seeks freedom from illegal confinement and a name change.

Also before the court is an 87-page pleading (Doc. 4) that combines a motion for recusal, motion for default judgment, motion to vacate, motion for preliminary injunction, motion for temporary restraining order, motion to change venue, motion for service of documents, and motion for orders. In this pleading, plaintiff alleges that his hand was stabbed, his throat cut, and his cheek stabbed on March 4, 2020 (p. 3), that his hand or wrist was broken and his nose was broken when he was attacked while handcuffed (p. 5), and that he suffered an anal tear and bleeding during the commission of assaults and was beaten with brass knuckles while handcuffed causing amnesia and a head injury (p. 64).

## Discussion

A pro se party's filings are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). However, the court may not act as an advocate for a pro se party. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005).

First, because plaintiff seeks release from confinement, this matter sounds in habeas corpus. However, this matter may not proceed as a habeas corpus action. Plaintiff does not present any claim that appears related to his conviction or sentence. Likewise, if liberally construed as a petition for habeas corpus, this matter would be subject to dismissal as a successive application. Plaintiff unsuccessfully sought habeas corpus relief in Case No. 19-3137-SAC, *Strader v. State of Kansas* and in Case No. 20-3002-SAC, *Strader v. Schroeder, et al.*[2] In order to proceed in a

---

[2] Case No. 19-3137 was dismissed as time-barred, and Case No. 20-3002 was dismissed as a second or successive application.

successive application, he must obtain prior authorization from the Tenth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A)(requiring a petitioner to seek prior authorization in appropriate court of appeals before filing a second or successive petition).

If this matter is construed as a civil rights action filed under 42 U.S.C. § 1983 or *Bivens*[3], the court must consider whether plaintiff has shown that he is in imminent danger of serious physical harm. Plaintiff is subject to 28 U.S.C. § 1915(g), a provision of the federal in forma pauperis statute that states that a prisoner who, while incarcerated, has filed three or more actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim for relief may proceed in forma pauperis only by showing he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has three qualifying dismissals, namely: (1) *Strader v. Werholtz*, 2019 WL 4917899 (D. Kan. Oct. 4, 2019)(dismissed for failure to state a claim for relief); (2) *Strader v. Werholtz*, 789 Fed. Appx. 99 (Mem.)(10th Cir. Dec. 30, 2019)(appeal dismissed as frivolous); and (3) *Strader v. Butler & Associates*, 2020 WL 1138519 (D. Kan. Mar. 9, 2020)(dismissed for failure to state a claim for relief).

Although plaintiff's complaint does not suggest that he is in imminent danger, the allegations contained in his combined motion (Doc. 4) are sufficient to require a report under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), to address solely whether plaintiff has suffered serious physical harm since January 1, 2020.

---

[3] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

## Conclusion

The court will grant plaintiff provisional leave to proceed in forma pauperis pending the receipt of the limited *Martinez* report ordered herein. Upon the filing of that report, plaintiff will have thirty (30) days to respond, and his response will be limited to five (5) pages in length. Plaintiff is prohibited from filing any other pleadings unless ordered by the court.

THE COURT THEREFORE ORDERS that plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is provisionally granted.

THE COURT FURTHER ORDERS that officials responsible for the operation of the Lansing Correctional Facility are directed to undertake a review of whether plaintiff has sustained serious physical injury since January 1, 2020.

THE COURT FURTHER ORDERS:

(1) Upon completion of the review, a written report shall be compiled which shall be provided to the court. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

(2) Authorization is granted to the officials of the Lansing Correctional Facility to interview all witnesses having knowledge of the facts, including the plaintiff.

(3) This action is exempted from the requirements imposed under Fed.R.Civ.P. 26(a) and 26(f).

(4) The report shall be filed no later than sixty (60) days from the date of this order, unless the time is extended by the court.

IT IS FURTHER ORDERED the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the *Martinez* report ordered herein. Upon the filing of that report, the Department of Corrections may move for termination from this action.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: this 8th of July, 2020.

      __s/ John W. Broomes_____
      JOHN W. BROOMES
      UNITED STATES DISTRICT JUDGE