IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES C. STRADER,

    Plaintiff,

    v.

TENTH CIRCUIT COURT OF APPEALS, ET AL.,

    Defendants

Case No. 20-3135-JWB

## ORDER

This matter, a civil rights action filed under 42 U.S.C. § 1983 by a prisoner in state custody, comes before the court on the *Martinez* report filed by the Kansas Department of Corrections and plaintiff's subsequent filings. Before proceeding, the court addresses plaintiff's recent motion to recuse (Doc. 77).

**Plaintiff's motion to recuse**

In the motion to recuse, plaintiff broadly asserts the court is "guilty of hands off doctrine", is "part of the Broome Street academy" and has shown favoritism.

Two federal statutes control the circumstances under which a federal judge should recuse. First, 28 U.S.C. § 144 provides that a judge should recuse if the party seeking recusal submits a "timely and sufficient affidavit" illustrating that the judge has a personal bias or prejudice towards a party. 28 U.S.C. § 144. "The simple filing of an affidavit does not automatically disqualify a judge." *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976). The affidavit may not rely on "conclusions, rumors, beliefs and opinions; it must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992) (quotation marks and citation omitted).

Similarly, 28 U.S.C. § 455(b)(1) provides that a judge should recuse if the judge has a personal bias or prejudice towards a party. 28 U.S.C. § 455(b)(1). However, unlike § 144, § 455(b)(1) does not include the requirement of a timely and sufficient affidavit. 28 U.S.C. § 455(b)(1).  Under § 455(a), recusal is appropriate if the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  "But under § 455, a judge should ignore rumors, innuendos, and erroneous information and refuse recusal based on unsupported, irrational, or highly tenuous speculation." *Snyder v. Accord Corp.*, 811 F. App'x 447, 471 (10th Cir. 2020) (quotation marks and citation omitted).

Under both § 455 and § 144, adverse rulings by a judge are not grounds for recusal. *Bray*, 546 F.2d at 857;  *Piedra v. True*, 52 F. App'x 439, 441 (10th Cir. 2002) ("general grievance with the outcome of the district court's order…is insufficient to show bias"). Finally, a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

Plaintiff's motion presents only bare accusations of bias and favoritism, and he fails to identify any specific grounds upon which the court's impartiality in this matter could reasonably be in question. His motion to recuse does not provide sufficient grounds for recusal, and the motion must be denied.

**Procedural background**

Plaintiff is subject to 28 U.S.C. § 1915(g), which bars a prisoner with certain prior dismissals from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). By its order of July 8, 2020, the court granted provisional leave to proceed in forma pauperis and directed a limited *Martinez* report to determine whether plaintiff has suffered any serious physical injury during the present year. The order also imposed

2

filing restrictions and specifically advised plaintiff that he was barred from filing additional pleadings or motions unless authorized by the court. Plaintiff was granted thirty (30) days to file a response to the *Martinez* report.

## The *Martinez* report

The *Martinez* report was filed on October 13, 2020. The report explains that plaintiff entered the Lansing Correctional Facility (LCF) in July 2019. Upon his arrival, he reported injuries sustained in December 2017 and February 2018 and reported continuing pain in his neck, shoulders, and low back. He was seen by medical staff on August 18, 2019, and November 19, 2019, for those issues.

On January 2, 2020, plaintiff attended the LCF sick call complaining he had not seen a doctor for neck pain arising from a December 2018 incident. He saw a physician on January 6, 2020, and was diagnosed with a cervical disc disorder. The doctor prescribed pain medication and submitted requests for physical therapy and a TENS unit.

On February 13, 2020, plaintiff attended sick call complaining of pain from being placed in handcuffs behind his back the night before. He claimed this violated a prior medical order, but staff were unable to locate any such order. Plaintiff was advised to seek medical attention if his symptoms became worse.

On February 17, 2020, plaintiff saw a physician for follow-up on his shoulder, neck, and back pain. Due to a diagnosis of cervical degenerative disc disease, he was not considered a candidate for surgery.

On March 4, 2020, plaintiff was injured in an altercation with another inmate. He sustained scratches on his face and neck with

superficial lacerations on his face and neck. Medical staff cleaned and evaluated these injuries, but plaintiff denied any pain. Plaintiff was issued a disciplinary report following the altercation, and video evidence offered at the administrative hearing showed that after the other prisoner pushed plaintiff away, plaintiff attacked him and began fighting with him. The video also shows plaintiff resisted staff's orders to stop fighting.

On April 25, 2020, plaintiff was involved in two more altercations. The first incident was a fight between plaintiff and another inmate. A nurse found that as a result of that fight, plaintiff had swelling and bruising of one finger on his left hand, although he had full range of motion in the finger. He was fitted with a stabilization splint. In the second incident, another inmate who was being escorted to the clinic attacked plaintiff. Plaintiff sustained small abrasions on his forehead, chin, and lower left back.

On June 2, 2020, plaintiff argued with another inmate, punched him and knocked him to the floor, and then got on top of him and continued to beat him. Officers used a chemical spray to break up the encounter, and plaintiff resisted their efforts to restrain him. Plaintiff suffered scratches to his upper and lower right back and chest and his right front tooth was chipped. Plaintiff received a disciplinary report but refused to participate in the hearing. Video evidence showed the two inmates talking and then hitting one another.

On June 24, 2020, during a restricted housing visit, plaintiff had no complaint of recent trauma. On July 1, 2020, however, he complained of pain in his right wrist. He was examined, but there was no evidence of distress, redness, deformity, or weakness.

On August 25, 2020, plaintiff was involved in an incident with staff in which he suffered no injury. He was issued a disciplinary report but refused to participate in the administrative

4

hearing. The evidence showed plaintiff slipped out of a handcuff, refused to comply with an order, and then struck the officer.

### Plaintiff's response

On October 16, 2020, plaintiff filed a 426-page document (Doc. 60) that includes the entire *Martinez* report and attachments. In the accompanying filing, plaintiff questions whether he received the entire report and complains that it does not contain all disciplinary reports going back to 2017 and does not contain X-rays of his neck or hand. Plaintiff has made numerous other filings since the *Martinez* report was filed, and the court has reviewed the entire record.

### Discussion

The *Martinez* report is a "report and investigation by prison officials to determine whether a pro se prisoner's allegations have any factual or legal basis." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992)(citing *Martinez v. Aaron*, 570 F.2d 317, 318-19 (10th Cir. 1978)). The report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citing *Sampley v. Ruettgers*, 704 F.2d 491, 493 n. 3 (10th Cir. 1983)).

Here, the report shows that plaintiff has sustained minor injuries during 2020, many of them incurred during fights with other inmates. The report is supported by documentation and medical records. Plaintiff has submitted numerous filings since his receipt of the *Martinez* report, but he offers only vague, and often irrelevant, statements rather than the sort of well-pleaded statements or evidence that would refute the report. Viewed as a whole, the record does not support a finding that plaintiff is in imminent danger of serious physical injury, a showing that he must make in order to proceed in forma pauperis.

Because the record does not show that plaintiff is in imminent danger of serious physical harm, the court will set aside the provisional grant of leave to proceed in forma pauperis and will direct plaintiff to submit the full filing fee. If he fails to submit the fee as directed, this matter will be dismissed without prejudice.

THE COURT THEREFORE ORDERS plaintiff's motion to recuse (Doc. 77) is denied.

IT IS FURTHER ORDERED the provisional grant of leave to proceed in forma pauperis is set aside, and plaintiff is granted to and including **December 1, 2020**, to submit the $400.00 filing fee to the clerk of the court.

IT IS SO ORDERED.

Dated: November 17, 2020                            /s/ John W. Broomes
                                                                       JOHN W. BROOMES,
                                                                       UNITED STATES DISTRICT JUDGE